## VEVE v. LLOREDA, DISTRICT JUDGE.

### APPLICATION for a writ of *certiorari*.

No. 72.—Decided May 5, 1911.

EMINENT DOMAIN—PARTIES IN INTEREST—OWNER—LESSEE.—Under the provisions of section 4 of an act to provide for the condemnation of private property, approved March 12, 1903, and amended March 12, 1908, the proceedings should be instituted against the owner or owners of the land sought to be condemned; but where said land is leased, the lessee has a right to intervene in the proceedings and be considered a real party in interest.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for petitioner.

*Mr. Luis Muñoz Morales* for adverse party.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of *certiorari*. The application having been filed, a writ was issued to the Judge of the District Court of Humacao directing him to forward to this court the original records in the suit of *The Fajardo Development Company v. Miguel Zalduondo Veve* relative to the condemnation of land, and the hearing was set for April 26 last. On said day the petitioner and the plaintiff herein appeared through counsel and argued the case, the said plaintiff, moreover, having filed a brief, to answer which the petitioner was granted three days.

After a general review of the case, it appears that The Fajardo Development Company, a corporation organized and incorporated under the laws of the State of Connecticut and duly authorized to do, and is doing, business in Porto Rico, brought an action on October 1, 1910, in the District Court of Humacao against Miguel Zalduondo Veve, seeking to condemn a certain strip of land belonging to Zalduondo which was deemed necessary for the construction of a railway.

The demurrer and motion of defendant to strike out having been argued and decided, the district court finally set the hearing for April 21, 1911.

Thus on April 11, 1911, Clotilde Veve, widow of Vaa-

monde, appeared before the district court and alleged her interest in the action as the lessee of the land sought to be condemned, praying that she be considered as a necessary party to the same, that a certain demurrer, which she inclosed, be filed, and that the hearing be postponed. The decision of the district court was as follows:

"According to section 5 of the Law of Eminent Domain, as amended by the Act of March 12, 1908, and in view of the petitioner's alleged interest in the damages caused by the condemnation of the property which she states that she holds as lessee, it is decided by the court on this 12th day of April, 1911, in regard to the application for intervention made in this case by Clotilde Veve, widow of Vaamonde, that although she has not filed the contract of lease to which her application refers, which contract is evidence of her condition of lessee of the property which it is sought to condemn, she is authorized to appear at the hearing set for the 21st instant and plead her title or claim to such interest as she may have in the property, it being unnecessary to consider her as a necessary party to the action, since in accordance with section 4 of said Law of Eminent Domain, this character pertains solely to the owner of the land. The application for the continuance of the trial and for the filing of the demurrer is therefore denied. The petitioner shall serve notice of this order on the plaintiff."

The petitioner avers that in denying her the character of a party to the condemnation proceedings and her right to file a demurrer, the district court committed an error of procedure, which should be corrected by this Supreme Court in this *certiorari*.

Section 4 of an act to provide for the condemnation of private property, approved in 1903 and amended in 1908, provides that where a work has been declared of public utility and for any reason the owners of the property to be condemned refuse to consent to such condemnation or condemnations as may be required, a cause of action shall thereby accrue to the person who is to perform said work, who may bring said action against the said owners in the district court for the judicial district within which the whole or part

of said property is situated in the regular manner for the commencing of actions provided by the Code of Civil Procedure.

The action should therefore be brought as it has been brought in this case against the owners of the land for the reason that theirs is a fundamental interest, since the purpose of the action is to deprive them, on the ground of public utility and upon payment of damages, of a thing which is their lawful property.

But in view of the possible existence of other parties interested in property sought to be condemned who may suffer damages on account of the condemnation, the legislature enacted in the amendment to section 5 of the said law, that all persons in the occupation of, or having or claiming an interest in, any of the property described in the complaint or in the damages for the taking thereof, though not named, may appear and plead and defend each in respect to his own property or interest or that claimed by him in like manner as if named in the complaint.

If it is true that petitioner is the lessee of the land sought to be condemned, there is no question but that in accordance with the law and the jurisprudence on the subject she is entitled to intervene in the condemnation proceedings. This Supreme Court, in *American Railroad Company* v. *José Vicente Quiñones,* decided January 11, 1909, held:

"The rights not only of the owner but of any lessee should be considered by the court rendering a judgment in an expropriation proceeding. The owner is entitled to the value of his land and to any damages caused by the taking thereof; the lessee is entitled to the value of the lease upon the property taken and to any damages suffered by him through the destruction of crops or otherwise, and this indemnity should be paid both to the owner and the lessee, if there be any, before the property can be taken for the public use indicated. (*American Railroad Co. of Porto Rico* v. *Quiñones,* 15 P. R., 7.)

The condemnation proceedings in this case having been

commenced against the real owner of the land, they were instituted in accordance with law. The fact that the lessee of the land did not figure as a party defendant does not in any way vitiate the proceedings. As to the attempt made by the lessee to take part in the action, we find that she accomplished her purpose by leave of the court, which, however, in our judgment committed an error in not considering her as a necessary party to the action, as when it is shown that there is a lessee who alleges an interest in the matter and that he will suffer damages by the condemnation proceedings, such lessee becomes a party thereto.

In our judgment the district court also erred in not allowing the petitioner to file the demurrer. The court should have allowed the filing of the demurrer, and overruled it if the merits thereof were insufficient. If the court was convinced that the demurrer was manifestly improper and that it was filed for the sole purpose of delaying the procedure, it should have overruled it on these grounds, and stated that the procedure was open to the lessee, who could allege her right in writing and bring evidence in support thereof at the hearing.

For the foregoing reasons the order made by the District Court of Humacao on April 12, 1910, in the condemnation proceedings of *The Fajardo Development Company* v. *Miguel Zalduondo Veve* should be annulled and the case remanded to the said court for further proceedings not inconsistent with this opinion.

*Petition granted.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.